UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-60476-CIV-ROSENBAUM/HUNT

JOSEPH RUBBO,

        Plaintiff,

v.

GOOGLE, INC.,

        Defendant.
_____/

## ORDER DISMISSING CASE

This matter is before the Court on a *sua sponte* review of the record. On February 25, 2014, Plaintiff Joseph Rubbo[1] filed suit against Defendant Google, Inc. In its entirety, the Complaint reads as follows:

> NOW COMES the Plaintiff's pro se com plaint agaisnt the Defendant GOOGLE,INC[.]
>
> This cout has full jurisdiction over this case do to the fact that the Defendant is a internet based company and does business world wide in every state and every country in the world. The Defendent operates out of calafornia and in florida giving this court jurisdiction over this case.
>
> This is a libel Slander and defamation of character case.
>
> The Plaintiff conducts a good and honest business in the state of

---

[1] The Complaint also purports to have been filed on behalf of Pasquale Rubbo, Angela Rubbo, Nikolas Rubbo, and VIP Television. But no attorney has made an appearance on behalf of these alleged Plaintiffs, and Joseph Rubbo represents himself *pro se*. Nor does anything in the record suggest that these other alleged Plaintiffs are even remotely aware that this lawsuit has been filed purportedly on their behalf. Accordingly, this Court does not recognize Pasquale Rubbo, Angela Rubbo, Nikolas Rubbo, and VIP Television as Plaintiffs in this case at this time.

> florida as well as other parts of the country threw there florida offices and do to the defendants web site google , inc whcih they have posted several as m any as over 50 articles and statements and comments in regards to the Plaintiff's personally and there business the plaintiff has suffered a major loss of business on a weekly basis do to the Defendents web site which is directly targeting the Plaintffs in a very negative way.
>
> The Plaintff has on several occiasion attempted to contact the Defendant to reslove the

ECF No. 1 at 1 [sic].[2]

Federal courts enjoy only limited jurisdiction. *Bochese v. Town of Ponce Inlet,* 405 F.3d 964, 974 (11th Cir. 2005), *cert. denied,* 546 U.S. 872 (2005). A court is required to evaluate whether it has jurisdiction at the earliest possible stage in the proceedings. *Id.* at 975 ("Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." (citation and internal quotation marks omitted)); *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1328 n.4 (11th Cir. 1999) (same).

---

[2]Although the last sentence of the Complaint appears to end mid-sentence, no further pages of the Complaint appear to exist. The second page of the Complaint appears to be a printout bearing the following inscription at the bottom: "http://www.google.com/contact/[.]" The rest of that page states only,

> Member of the press?
>
> For press inquiries and media resources, visit <u>News from Google</u>.
>
> Legal inquiries, trademarks and permissions
>
> ●<u>Remove illegal content from Google</u>
>
> ●<u>Report inappropriate use of a Google trademark</u>
>
> ●<u>Permissions for using Google content</u>

ECF No. 1 at 2.

Here, no apparent federal-question jurisdiction exists, as Plaintiffs appear to premise their lawsuit on libel, slander, and defamation causes of action.  Moreover, Plaintiffs seem to attempt to invoke diversity jurisdiction.  Title 28, United States Code, Section 1332 establishes the requirements for a party to invoke diversity jurisdiction.  Courts have construed that section to require that all parties be completely diverse and that the amount in controversy exceed $75,000.00. *Underwriters at Lloyd's London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("*Lloyd's*") (citations omitted).  When jurisdiction is based on diversity of citizenship, therefore, the complaint "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant[s] are citizens of different states [or countries, as long as one is a citizen of a state]." *Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (citation omitted).[3]  The Complaint in this case does neither.  As a result, it is not clear that this Court enjoys jurisdiction over this matter.

In addition,

Accordingly, the Complaint is **DISMISSED**.  **Plaintiff shall have until March 12, 2014, to file an amended complaint satisfying jurisdictional requirements should he wish to proceed with this case.  If no amended complaint is filed by that time, this case will be closed**.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 26th day of February 2014.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

---

[3] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

copies:

The Honorable Patrick M. Hunt

Joseph Rubbo
04323-748
c/o Ditmas Charities
2720 E. Oakland Blvd.
Fort Lauderdale, Florida 33306

-4-